### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GENARO MAMARIL, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * Civil No. 25-2010-BAH |
| SECRETARY HOWARD LUTNICK, | * |
| Defendant. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Plaintiff Genaro Mamaril ("Mamaril" or "Plaintiff"), proceeding pro se, brought suit against Howard Lutnick, United States Secretary of Commerce ("Defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 791 et seq. ECF 1. Pending before the Court is Defendant's motion to dismiss, ECF 4, along with a supplement thereto, ECF 17. Plaintiff filed oppositions to the motion and supplement. ECF 7; ECF 18. Defendant did not file any reply. A memorandum in support of the motion to dismiss is filed at ECF 5, which includes an exhibit, ECF 5-1 (declaration of Kristen M. Gilbert).[1] The supplement and oppositions also include memoranda of law. ECF 7; ECF 17; ECF 18. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I.    BACKGROUND

Plaintiff was employed by the National Institute of Standards and Technology ("NIST"), an agency of the United States Department of Commerce, in Gaithersburg, Maryland. ECF 1, at 3; *see also* National Institute of Standards and Technology, https://www.nist.gov/ [https://perma.cc/N82E-C5FE]. Plaintiff alleges that he is "a qualified individual with a disability" and identifies his disability as "[p]ermanent medical condition(s)." ECF 1, at 4–5. Plaintiff "requested for reasonable accommodation to perform the essential functions of [his] job as recommended by [his] treatment physician(s)." *Id.* at 5. Plaintiff claims that "[a]s a result," on August 19, 2016, "the federal agency placed [him] in a non-duty, non-pay status for over 14 days.". *Id.* at 4–5. Plaintiff then "appealed this constructive suspension and enforced leave to the" Merit Systems Protection Board ("MSPB"). *Id.* at 5. Plaintiff alleges that the "MSPB erroneously determined that [his] appeal was untimely . . . which led to [his] forced disability retirement circumstances." *Id.*

On May 6, 2024, Plaintiff filed a petition with the Equal Employment Opportunity Commission. *Id.* A copy of the EEOC decision is attached to the complaint. *See id.* at 7–11. Plaintiff received a notice of right to sue letter on October 7, 2024, *id.* at 5, and timely filed this complaint in the United States District Court for the Eastern District of Virginia on November 6, 2024. *See id.* at 1; *see also id.* at 9 (providing Plaintiff with 30 calendar days from receipt of the EEOC decision to file suit in a U.S. District Court). Plaintiff asserts employment discrimination claims under Title VII, the ADA, and the Rehabilitation Act. *Id.* at 3.

Defendant filed a motion to dismiss or, in the alternative, for transfer. ECF 4 (motion); ECF 5 (memorandum in support). Plaintiff filed an opposition, ECF 7,[2] and Defendant filed a

---

[2] Plaintiff's opposition was not timely filed, but the court considered Plaintiff's response despite its untimeliness in light of Plaintiff's pro se status. ECF 10, at 2 n.4.

2

reply, ECF 8. The Eastern District of Virginia granted the request for transfer and Plaintiff's case was transferred to this Court in June of 2025. ECF 10, at 4. Defendant's motion to dismiss "remain[ed] pending for a determination by the transferee court." *Id.* at 5. Defendant filed a motion to "establish the time for filing an answer or response" to the complaint. ECF 15. The motion was granted, and Defendant's response was due no later than September 3, 2025. ECF 16, at 1. In granting the motion, the Court noted that the prior motion to dismiss from the transferor court, ECF 4, was "still pending" and directed "Defendant to address the impact of this pending motion in the response, including any requests to withdraw or supplement the motion." *Id.*

Defendant then timely filed a supplement in support of the motion to dismiss, incorporating by reference the arguments set forth in ECF 4 and including supplemental argument. ECF 17, at 1. Plaintiff argues that "Defendant's Supplement does not comply with the Court's clear directive" because Defendant did not file a new responsive pleading to the complaint in the form of a renewed motion or answer.[3] ECF 18, at 4. But, in accordance with this Court's order, Defendant addressed the impact of the pending motion, albeit briefly, by asserting that "[t]he motion to dismiss [at ECF 4] is viable and ready for disposition by this Court because it properly addresses the fatal deficiencies in Mamaril's complaint." ECF 17-1, at 2. By "mov[ing] the Court to issue an Order granting the Defendant's pending motion to dismiss filed a[t] ECF No. 4 and to permit a brief supplementation of the pending motion," *id.* at 1 (alterations added), Defendant indicated that it still intended the pending motion to dismiss to serve as Defendant's operative response to the

---

[3] Although Defendant had already filed a response to the complaint in the form of the pending motion to dismiss, the Court gave Defendant an additional opportunity to respond, specifically by either supplementing the pending motion or withdrawing it and filing an answer, in recognition that the pending motion had been filed in Virginia before transfer was granted. If circumstances had changed such that Defendant no longer wished to litigate its pending motion, the September 3, 2025 deadline was Defendant's opportunity to indicate that.

3

complaint for now, along with a supplement. *See id.* The Court permits the supplement and now resolves the pending motion to dismiss.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*,

4

998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.   ANALYSIS

### A.   ADA and Title VII

Plaintiff's complaint identifies Title VII, the ADA, and the Rehabilitation Act as the basis for his employment discrimination claims. ECF 1, at 3. However, as Defendant correctly observes, Plaintiff cannot bring an ADA claim because the ADA does not apply to the federal government or its officials. *See Sillah v. Burwell*, 244 F. Supp. 3d 499, 513 n.12 (D. Md. 2017) (citing 42 U.S.C. § 12111(5)(B)(i) (specifically excluding the federal government from the ADA's coverage)). "The Rehabilitation Act 'is the exclusive means by which a plaintiff may raise claims against federal agencies relating to [disability] discrimination.'" *Id.* (alteration added) (quoting *Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001)). Moreover, Defendant argues that Plaintiff fails to plausibly allege a Title VII claim because disability is not a protected characteristic under Title VII. *See* ECF 5, at 8 ("[T]he Complaint fails to identify any basis of discrimination that is prohibited by Title VII."); *see also* 42 U.S.C. § 2000e16(a) (prohibiting discrimination based on "race, color, religion, sex, or national origin").

Perhaps in recognition of these deficiencies, Plaintiff seemingly abandons his ADA and Title VII claims and argues only that he has "establish[ed] violations of the Rehabilitation Act." ECF 18, at 3; *see also* ECF 7, at 3–6 (arguing that Plaintiff has stated a sufficient claim to survive a 12(b)(6) motion but not addressing Defendant's statutory arguments regarding Title VII and the ADA). "Failure to respond to an argument made in a dispositive pleading results in a concession of that claim." *United Supreme Council v. United Supreme Council of Ancient Accepted Scot. Rite for 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018). Accordingly, the Court treats Plaintiff's failure to respond to Defendant's arguments as a concession of his Title VII and

5

ADA claims. *See Coomes v. Moran*, Civ. No. ELH-22-02639, 2025 WL 2106739, at *39 (D. Md. July 28, 2025) ("I need not spill ink to consider contentions that are waived."). Any claims brought under the ADA and Title VII are thus dismissed. The Court turns to the sufficiency of Plaintiff's claims under the Rehabilitation Act.

**B.     Rehabilitation Act**

1.     Failure to Accommodate

Plaintiff brings a failure to accommodate claim and alleges that he "requested reasonable accommodation to perform the essential functions of [his] job as recommended by [his] treatment physician(s)" and "[a]s a result" was placed "in a non-duty, non-pay status for over 14 days." ECF 1, at 5.

"The Rehabilitation Act prohibits federal agencies from discriminating against its employees on the basis of disability." *Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019) (citing 29 U.S.C. § 794). It provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). Employment discrimination claims brought under the Rehabilitation Act "are evaluated using the same standards as those 'applied under [T]itle I of the Americans with Disabilities Act of 1990.'" *Reyazuddin v. Montgomery Cnty., Maryland*, 789 F.3d 407, 413 (4th Cir. 2015) (quoting 29 U.S.C. § 794(d)). "Of significance here, Title I prohibits employers from 'discriminat[ing] against a qualified individual on the basis of disability' by 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [a] covered entity can demonstrate that the accommodation would

impose an undue hardship on the operation of the business of such covered entity.'" *Id.* at 413–14 (citing 42 U.S.C. § 12112(b)(5)(A)).

To establish a failure to accommodate claim under the Rehabilitation Act, "a plaintiff must demonstrate that (1) []he was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of the position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation." *Hannah P.*, 916 F.3d at 337. A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The Rehabilitation Act adopts the ADA's definition of disability—"(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Ocampo v. Brennan*, Civ. No. CCB-19-2875, 2021 WL 229673, at *3 (D. Md. Jan. 22, 2021) (quoting 42 U.S.C. § 12102(1)).

"[M]erely having an impairment does not make one disabled for purposes of the [Rehabilitation Act]." *Linzer v. Leavitt*, Civ. No. AW-07-597, 2008 WL 11509695, at *4 (D. Md. Feb. 8, 2008) (quoting *Jones v. Family Health Centers, Inc., et al.*, 323 F. Supp. 2d 681, 687 (D. S.C. 2003) (second alteration in *Linzer*), *aff'd*, 98 F. App'x 959 (4th Cir. 2004)). Plaintiff must show that his "disability 'substantially limits one or more of the major life activities.'" *Id.* (quoting 29 C.F.R. § 1630.2(g)). "In order to demonstrate that an impairment is substantially limiting, an individual must show that []he is significantly restricted in performing a major life activity." *Id.* (quoting *Pollard v. High's of Balt., Inc.*, 281 F.3d 462, 467 (4th Cir. 2002)).

Here, Plaintiff fails to allege facts sufficient to sustain a failure to accommodate claim. As for the first element, Plaintiff alleges that he is "a qualified individual with a disability," but he

does not provide adequate facts about his disability to state a plausible claim. ECF 1, at 5. Although Plaintiff states his disability is a "[p]ermanent medical condition," he does not plead any details about his medical condition nor does he allege that it limits any major life activities. *See id.* at 4. While the Court accepts as true Plaintiff's allegations for purposes of resolving the motion to dismiss, "merely parroting the statutory language does not suffice." *Richardson v. Maryland Transit Admin.*, Civ. No. RDB-18-0884, 2019 WL 1002597, at *7 (D. Md. Mar. 1, 2019) (dismissing failure to accommodate claim because plaintiff failed to "explain how the alleged disability meets one of the[] criteria" under the Rehabilitation Act); *cf. Linzer*, 2008 WL 11509695, at *4 (dismissing failure to accommodate claim where the plaintiff "failed to show that her physical impairments substantially limit her in a major life activity"). Here, Plaintiff's "conclusory allegations . . . do not warrant the inference that []he suffers from a disability." *Richardson*, 2019. WL 1002597, at *7.

Plaintiff also fails to allege the third element of a failure to accommodate claim. Not only does the complaint lack any assertion that Plaintiff was able to perform the essential functions of his position with reasonable accommodation, the EEOC decision[4] attached to the complaint reflects that the exact opposite may have been true. Specifically, the EEOC decision states that "the evidence in the record indicated that [Plaintiff] was medically unable to work in any capacity." ECF 1, at 8. An inability to perform the essential duties of one's position is fatal to a failure to accommodate claim. *See Redding v. Noem*, 168 F.4th 203, 208 (4th Cir. 2026) (noting that the plaintiff's assertion that she was unable to perform the essential duties of her position was "a damaging one"). If Plaintiff's complaint contained factual allegations related to his ability to

---

[4] The Court considers the EEOC decision attached to the complaint because Plaintiff explicitly relies on it in the complaint and no party contests its authenticity. *See Higgins v. McDonald*, Civ. No. RDB-25-1695, 2026 WL 111330, at *7 (D. Md. Jan. 15, 2026).

perform the essential functions of his position at NIST, the Court would take all well-pled facts as true at this early stage. But Plaintiff has failed to plead any such facts, and the only evidence he attaches that arguably relates to this element appears to support the opposite conclusion.

Plaintiff, however, contends that his reasonable accommodation claim should survive because NIST failed to conduct an individualized assessment of his ability to perform essential job functions with reasonable accommodation. ECF 18, at 3. Specifically, he argues that he "alleged that management placed him on enforced leave and moved to separate him for 'medical inability' without ever evaluating whether accommodations would allow continued performance of essential duties." *Id.* These allegations, however, do not appear in the complaint. *See* ECF 1, at 5. Instead, the complaint vaguely states that the EEOC dismissal left "all Title VII properly stated claims in dispute and federal agency claims of inability to perform essential functions with or without requested reasonable accommodations and/or 'individualized assessment' by the federal agency of any kind." *Id.* To the extent that Plaintiff attempts to set forth additional factual allegations in his opposition brief, a "plaintiff may not cure a defect in a complaint or otherwise amend a complaint by way of his opposition briefing." *Levere v. Signature Props., LLC*, Civ. No. ELH-21-1929, 2022 WL 2159837, at *9 (D. Md. June 14, 2022) (collecting cases).

Moreover, Plaintiff argues that "[c]ourts uniformly hold that employers must engage in an interactive process and individualized assessment before concluding that an employee is unfit." ECF 18, at 3. But the cases cited by Plaintiff—*School Board of Nassau County v. Arline*, 480 U.S. 273 (1987) and *Southeastern Community College v. Davis*, 442 U.S. 397 (1979)—do not stand for this proposition. *See id.* The Supreme Court in *Arline* considered whether the plaintiff, Arline, could "be considered a handicapped individual" under the Rehabilitation Act based on her contagious tuberculosis. 480 U.S. at 279–286. It concluded that "the fact that a person with a

9

record of physical impairment is also contagious does not suffice to remove that person from coverage under" the Rehabilitation Act. *Id.* at 286. The Supreme Court then remanded to the district court to "conduct an individualized inquiry and make appropriate findings of fact" regarding whether Arline was "otherwise qualified for the job of elementary schoolteacher." *Id.* at 287. And although the Court touched on the requirement for reasonable accommodations in a footnote, *see id.* at 287 n.17, it did not discuss or address whether an employer is required to engage in an interactive process or individualized assessment for reasonable accommodations. The same is true of *Davis*. There, the Supreme Court analyzed whether the Rehabilitation Act "forbids professional schools from imposing physical qualifications for admission to their clinical training programs." *Davis*, 442 U.S. at 400. *Davis* did not involve an employer, but rather a nursing program at a community college, and it does not discuss any "interactive process" involved in a request for accommodations. *See id.* The Court is thus not persuaded by Plaintiff's citation to these cases. Nevertheless, as stated, the complaint lacks facts regarding any alleged refusal to engage in an interactive process and, as such, Plaintiff's failure to accommodate claim cannot survive solely on that basis.[5]

As Plaintiff has failed to allege sufficient facts to sustain the first and third elements, his failure to accommodate claim must be dismissed. *Cf. Richardson*, 2019 WL 1002597, at *8 (dismissing a failure to accommodate claim because even though the plaintiff alleged that "with reasonable accommodations and allowances, [she] was capable of performing all essential

---

[5] Nor could it, since the Fourth Circuit has noted that "an employee cannot base a reasonable accommodation claim solely on the allegation that the employer failed to engage in an interactive process." *Walter v. United Airlines, Inc.*, 232 F.3d 892, 2000 WL 1587489, at *4 (4th Cir. 2000) (table) (citing *Rehling v. City of Chicago*, 207 F.3d 1009, 1016 (7th Cir. 2000)). "Rather, the employee must demonstrate that the employer's failure to engage in the interactive process resulted in the failure to identify an appropriate accommodation for the disabled employee." *Id.* Such allegations are not present in the complaint as pled.

10

functions of her job," the complaint did "not support [the plaintiff's] vague assertions with any factual content whatsoever").

### 2.    Retaliation

Plaintiff brings a claim of retaliation, ECF 1, at 4, and alleges that "as a result" of his accommodation request, he was placed "in a non-duty, non-pay status for over 14 days," *id.* at 5. "The Rehabilitation Act incorporates the American[s] with Disabilit[ies] Act's anti-retaliation provision, which prohibits 'discrimination against any individual because she has opposed any act or practice made unlawful by' the ADA." *Richardson*, 2019 WL 1002597, at *9 (citing 42 U.S.C. § 12203(a)). To state a claim of retaliation, Plaintiff must allege that 1) he engaged in a protected activity; 2) Defendant took an adverse action against him; and 3) a causal connection exists between the protected activity and the adverse action. *Id.* (citing *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001)). Defendant argues that "[e]ven assuming [Plaintiff's] allegations satisfy the second element of a retaliation claim, the Complaint lacks sufficient factual content to plausibly establish the remaining elements of a retaliation claim." ECF 5, at 12. As Defendant does not advance arguments for dismissal based on the second element, the Court analyzes Defendant's arguments regarding the first and third elements of Plaintiff's retaliation claim.

In general, requesting disability accommodation is a protected activity under the Rehabilitation Act. *See Connelly v. Maryland Dep't of Hum. Servs.*, Civ. No. JKB-21-1068, 2021 WL 6000076, at *7 (D. Md. Dec. 20, 2021) (citing *Smith v. CSRA*, 12 F.4th 396, 416 (4th Cir. 2021)). However, Defendant argues that Plaintiff fails to adequately allege the first element because "some courts have found that a 'request for accommodation that is *not reasonable* is not a protected activity.'" ECF 5, at 12 (citing *Kelley v. Mayorkas*, 694 F. Supp. 3d 715, 730 (E.D. Va. 2023)) (emphasis in ECF 5). But Defendant omits the remaining discussion from *Kelley v.*

*Mayorkas*, in which the Eastern District of Virginia found that "the proper inquiry is whether a plaintiff has a 'reasonable good faith belief that he was entitled to request the reasonable accommodation he requested' at the time of the request," not that a request for accommodation must be reasonable to qualify as a protected activity. 694 F. Supp. 3d at 730. The court opined that "[t]o hold otherwise could have a chilling effect on federal employees' accommodation requests—an employee who needs an accommodation may not request it for fear that they will be retaliated against without recourse if their request is later found to be unreasonable." *Id.* Nevertheless, the Court need not wade further into this issue because the complaint lacks facts to support a plausible inference of causation.

"A plaintiff may attempt to demonstrate that a protected activity caused an adverse action through two routes." *Smith*, 12 F.4th at 417 (quoting *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021)). First, "[a] plaintiff may establish the existence of facts that 'suggest[ ] that the adverse action occurred because of the protected activity.'" *Id.* (quoting *Roberts*, 998 F.3d at 123). Second, "[a] plaintiff may also show that 'the adverse act bears sufficient temporal proximity to the protected activity.'" *Id.* (quoting the same). "The existence of relevant facts alone, or together with temporal proximity, may be used to establish a causal connection between the protected activity and the adverse action." *Id.* (quoting the same).

Here, Plaintiff fails to plead facts supporting causation. Plaintiff asserts that he was placed in "a non-duty, non-pay status for over 14 days," which Plaintiff refers to as a "constructive suspension," "[a]s a result" of a request for reasonable accommodations. ECF 1, at 5. Aside from this conclusory assertion, Plaintiff does not provide any facts to suggest that any "constructive suspension" occurred *because of* his request for accommodation. And although he states that he was "placed on enforced leave for over 14 days" on August 19, 2016, he does not provide any

12

information regarding the timing of his request for accommodation in order for the Court to reasonably infer causation based on temporal proximity. *Cf. Jackson v. Maryland Dep't of Com.*, Civ. No. JKB-19-1693, 2020 WL 551914, at *6 (D. Md. Feb. 4, 2020) (finding a plaintiff failed to plead a retaliation claim because, among other things, she did not "state specifically when the[ allegedly negative] comments started—making it impossible for the Court to determine whether they began close enough in time to the filing of her complaints to create an inference of causation"). Accordingly, Plaintiff's retaliation claim is dismissed.

### C.    Leave to Amend

At the end of his opposition, Plaintiff informally requests leave to amend "should the Court find any deficiency" with his complaint. ECF 18, at 4. Defendant did not file a reply and therefore has not set forth any argument in opposition to granting Plaintiff leave to amend.

"As an initial matter, such an informal request does not comport with the Federal Rules or the Local Rules of this Court." *Woodward v. GEICO Advantage Ins. Co.*, Civ. No. GLR-21-952, 2022 WL 2953053, at *16 (D. Md. July 25, 2022) (first citing Fed. R. Civ. P. 7(b); and then citing Loc. R. 103.6 (D. Md. 2021)). "A request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), and in this district, "a motion requesting leave to file an amended pleading" must include "a clean copy of the amended pleading" and a redlined copy identifying the proposed amendments, Loc. R. 103.6(a), (c) (D. Md. 2025). Plaintiff does not attach a proposed amended complaint to his opposition. *See* ECF 18.

Where a request for leave to amend is made outside the bounds of a formal motion and without a proposed amended complaint, a court is likely to deny the request as procedurally improper. *See Hall v. JPMorgan Chase Bank, N.A.*, Civ. No. JKB-19-2510, 2020 WL 1452132, at *8 (D. Md. Mar. 25, 2020) (denying leave to amend as procedurally improper where the pro se "[p]laintiff did not file a motion or submit a proposed amended complaint; he merely expressed

13

his wish to amend in his opposition brief"). "Nevertheless, this Court has still granted a request for leave to amend made informally." *Glover v. Patterson*, Civ. No. BAH-25-1679, 2026 WL 594597, at *8 (D. Md. Mar. 3, 2026) (citing *McCray v. Wells Fargo Bank, NA*, Civ. No. GLR 13-1518, 2017 WL 11849521, at *3 (D. Md. Nov. 13, 2017)).

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Lavin v. Safeco Ins. Co, of Am.*, Civ. No. SAG-22-1788, 2022 WL 17342051, at *2 (D. Md. Nov. 30, 2022) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). "Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile." *Id.* It instead applies a "much less demanding standard." *Id.* "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

Although the Court has not yet seen the proposed amended complaint, Defendants set forth no opposing argument suggesting that Plaintiff's amended complaint would be "clearly insufficient or frivolous on its face." *See Johnson*, 785 F.2d at 510. Given that Defendants do not oppose amendment, and taking into consideration Plaintiff's pro se status, the Court will grant leave to amend. *See Awah v. Midland Credit Mgmt. of Am.*, Civ. No. RWT-10-00885, 2010 WL

14

4026098, at *5 (D. Md. Oct. 14, 2010) ("A motion for leave to amend should be liberally granted to *pro se* plaintiffs if there are insufficiencies in the pleading, even if the motion for leave does not offer proposed amendments."). Plaintiff will be granted twenty-one (21) days from the date of this order to file an amended complaint as to his Rehabilitation Act claims.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss, ECF 4, is **GRANTED**. Plaintiff is **GRANTED** twenty-one (21) days to file an amended complaint, or the action will be dismissed without further notice.

A separate implementing order will issue.

Dated: <u>April 13, 2026</u>

/s/
Brendan A. Hurson
United States District Judge

15